## McCANN v. GIBSON.

### (Supreme Court, Appellate Term.  March 24, 1899.)

CONVERSION.

  Action for conversion does not lie against defendant for writing without authority to S., in whose keeping property had been placed by defendant at plaintiff's direction, that plaintiff wanted S. to sell it at the best price he could get, on which he acted, and for subsequent refusal of defendant on demand by plaintiff for the horse.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Charles E. F. McCann against John Gibson for conversion. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

P. A. McManus, for appellant.

Charles E. F. McCann, in pro. per.

MacLEAN, J. In the early part of January, 1897, the plaintiff, through his father, sent a horse, by the defendant, to one Shove, recommended by the defendant, and with whom defendant also "turned out" his own horses, one or more of which were sent at the same time with the plaintiff's horse. After that, the plaintiff's father and agent was in direct communication with Shove concerning the maintenance and keep of the horse, to whom, also, he wrote that, if he had an offer for the horse, he would sell him. In the month of May, McCann, Sr., had a conversation with the defendant, and then the defendant wrote Shove, saying:

"Mr. McCann was here at my place a few days ago, and said to me to tell you to sell his horse to the best advantage possible, and make out bill for keep, and report to me as soon as sold."

Shove sold the horse. When the McCanns learned of this, they demanded the horse from the defendant, and, upon refusal, the plaintiff brought this action to recover damages for the conversion of the animal.

Whatever liability the defendant thus may have incurred to the plaintiff, and ultimately to Shove, he did not assume or exercise such rights over the animal as to make him liable in an action for conversion. The judgment of the municipal court should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment of the municipal court reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.